IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS OMAR ICHINA-LAGUA,  Petitioner, | : : : |
| v. | : : Civil No. 2:26-cv-00640-JLS |
| BRIAN MCSHANE, *et al*.,  Respondents. | : : : |

**ORDER**

**AND NOW**, this 3rd day of February, 2026, upon consideration of Luis Omar Ichina-Lagua's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 3), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Luis Omar Ichina-Lagua is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Luis Omar Ichina-Lagua from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on February 5, 2026;

3. If the Government chooses to pursue re-detention of Luis Omar Ichina-Lagua pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

    4.    The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
**United States District Court Judge**

---

[1] Mr. Ichina-Lagua has continuously resided in the United States for almost four years. (*See* ECF No. 1, Verified Pet. for Habeas Corpus, ¶ 44). He entered the United States as a minor on March 28, 2022, and settled in Philadelphia. (*Id.*). Mr. Ichina-Lagua filed an application for asylum which is currently pending before the Executive Office for Immigration Review. (*Id.* at ¶ 45). Federal immigration officials arrested Mr. Ichina-Lagua at Home Depot and took him into custody. (*See id.* at ¶ 46).

The Government's arguments are familiar. The Government maintains that this Court lacks jurisdiction to intervene in removal proceedings, Mr. Ichina-Lagua failed to exhaust his administrative remedies, Mr. Ichina-Lagua is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and the detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court will not belabor the point: Mr. Ichina-Lagua's mandatory detention without the opportunity for a bail hearing is unlawful.